Port Auth. of N.Y. & N.J. v Weiss & Hiller, P.C. (2019 NY Slip Op 00701)





Port Auth. of N.Y. & N.J. v Weiss & Hiller, P.C.


2019 NY Slip Op 00701


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8308N 154871/12

[*1] The Port Authority of New York and New Jersey, Plaintiff-Respondent,
v
Weiss & Hiller, P.C., etc., Defendant-Respondent, American Stevedoring, Inc., Defendant-Appellant.


Gabor & Marotta LLC, Staten Island (Daniel C. Marotta of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Michael J. Geraghty of counsel), for The Port Authority of New York and New Jersey, respondent.
Hiller, PC, New York (Michael S. Hiller of counsel), for Weiss & Hiller, P.C., respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 11, 2017, which, to the extent appealed from, denied the cross motion of defendant American Stevedoring, Inc. (ASI) to vacate the temporary restraining order and release the remaining escrow funds to ASI, unanimously affirmed, with costs.
The motion court did not abuse its discretion when it denied the cross motion to vacate the temporary restraining order (see Rosemont Enters. v Irving, 49 AD2d 445, 448 [1st Dept 1975], appeal dismissed 41 NY2d 829 [1977]; see also Dupree v Scottsdale Ins. Co., 96 AD3d 546 [1st Dept 2012]). The TRO was entered on consent to stay distribution of funds escrowed by the parties under a separate agreement for the benefit of ASI'S creditors, which included plaintiff. ASI was a terminal operator at the Brooklyn and Newark Ports that suspended its marine terminal operations and went into the business of leasing equipment necessary to such operations. ASI's statements in the prior litigation that it was threatened with insolvency, in addition to ASI's improper transfer of approximately $4 million to the wife of ASI's principal, demonstrate the need to continue the temporary restraining order so that any arbitration award would not be rendered ineffectual (see CPLR 7502[c]; New York City Off-Track Betting Corp. v New York Racing Assn., 250 AD2d 437, 439 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK